IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GAILLEE BURRIS**                                                     **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:06cv233-MTP**

**CHRISTIAN DAVIS and**
**JOEL THAMES**                                             **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Motions to Compel [55] [56] filed by Plaintiff. The court construes the motions as requests for additional discovery. The court having considered the matter finds that the motions should be GRANTED in part and DENIED in part.

Plaintiff filed his Motions to Compel [55] [56] on July 29, 2008, requesting the court to compel the production of certain documents and to compel responses to certain interrogatories. On July 30, 2008, Defendants filed a Notice of Service of Disclosure [58] indicating that they have produced the following documents to Plaintiff pursuant to the court's Scheduling and Case Management Order [54]: Lawrence County Jail records and incident reports, Lawrence County Jail Medication Administration records, photos of Plaintiff's car, Lawrence County Hospital medical records, and Family Health Care Clinic Medical Records.

In their Response [59] [60], the Defendants correctly note that the court ordered the production of Plaintiff's medical records in its Scheduling and Case Management Order [54], and held that "no other discovery [was] deemed reasonable or appropriate considering the issues at stake in this litigation[,]" and that the parties were not to propound additional discovery requests unless leave of Court was requested and obtained. Plaintiff filed the instant Motions [55] [56] seeking leave to propound additional discovery requests.

Although the Plaintiff did not request the discovery at issue in his Motions [55][56] at the Omnibus hearing on June 23, 2008, given the broad scope of discovery and the lenience afforded to *pro se* litigants, the court will allow Plaintiff to conduct limited additional discovery as set forth herein. *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982); *Yazdchi v. Am. Honda Finance Corp.*, 217 Fed. Appx. 299, 304 (5th Cir. 2007). Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motions to Compel [55] [56] are GRANTED in part and DENIED in part;

2. That Plaintiff's interrogatories and requests for production set forth in his Motions [55][56] as limited herein are deemed filed and served on this date;

3. That Defendants shall respond to interrogatories 1-10 and 12 set forth in Plaintiff's Motion [55], and shall serve their responses within 30 days;[1]

4. That Defendants are compelled to produce the documents requested in Plaintiff's Motion [56] with the exception of the documents requested in the first bullet ("Arrest record for the Appellant"), to the extent such documents have not already been produced. Defendants shall produce the requested documents set forth above, to the extent such documents are within their possession, custody or control, within 30 days; and

3. That the remaining relief requested in Plaintiff's Motions [55] [56] is denied.

---

[1]For purposes of the discovery requests set forth in Plaintiff's Motions [55][56], "Appellant" shall refer to Plaintiff.

SO ORDERED this the 1st day of August, 2008.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge