# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GAILLEE BURRIS, #22091**                                                                        **PLAINTIFF**

**V.**                                                               **CIVIL ACTION NO. 2:06cv233-MTP**

**CHRISTIAN DAVIS, et al.**                                                            **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court on the Motions to Dismiss, or in the Alternative, for Summary Judgment [67] [71] and the Motion for Summary Judgment on All State Law Claims [69] filed by Defendants. The court, having considered the motions and the applicable law, finds that the Motions [67] [69] [71] should be GRANTED.

## FACTUAL BACKGROUND

Plaintiff, Gaillee Burris, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on October 13, 2006. Based on the information on file with the Clerk, Plaintiff is currently incarcerated at the Bolivar County Correctional Facility in Cleveland, Mississippi after having been convicted of cocaine possession in Lawrence County. Through his complaint, and as clarified during his *Spears*[1] hearing, Plaintiff asserted the following claims: a claim for excessive force against Defendant Christian Davis; and claims for failure to protect and inadequate training, supervision, and hiring against Defendant Joel Thames, Sheriff of Lawrence County. *See* Scheduling and Case Management Order [54].[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on June 23, 2008. *See* Docket Entry dated June 23, 2008; Transcript [63].

[2] Plaintiff also originally named the "Surety Bond Agencies" for the Lawrence County Sheriff's Department and the Monticello Police Department as Defendants. These Defendants were dismissed by Order [11] dated January 23, 2007.

On or about October 15, 2008, Defendants filed their Motion to Dismiss, or in the Alternative, for Summary Judgment [67] [71],[3] on Plaintiff's claims against them in their official capacities.[4] On October 16, 2008, Defendants filed their Motion for Summary Judgment on Plaintiff's state law claims [69], if any. Plaintiff failed to respond to Defendants' motions, despite an Order [73] from the court directing him to do so.[5]

STANDARD

Because the Defendants have submitted matters outside the pleadings with their Motion to Dismiss or, in the Alternative, for Summary Judgment [67][71], the motion should be

---

After the *Spears* hearing, the Lawrence County Board of Supervisors was dismissed from this action. Plaintiff's claim against Joel Thames for failing to properly investigate the alleged excessive force by Christian Davis was also dismissed. *See* Scheduling and Case Management Order [54].

[3]Defendants' Motion [67] is the same document as Motion [71].

[4]Defendants also moved for judgment as a matter of law as to Plaintiff's claims against Sheriff Thames in his *individual* capacity, if any. *See* Motions [67][71], n.1.

[5]Plaintiff failed to respond to Defendants' motions by the deadline set forth in the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi ("Local Rules"). *See* Local Rule 7.2(D). Accordingly, on February 25, 2009, over four months after Defendants filed their motions, the court entered an Order [73] giving Plaintiff until March 11, 2009, to respond to the motions. On March 11, 2009, Plaintiff moved for an extension of time, claiming he never received the motions. *See* Motion [75]. The court directed the Clerk to mail to Plaintiff a copy of the pending motions and supporting memoranda, and granted Plaintiff an extension of time until March 31, 2009, to respond to the motions. *See* Order dated 3/12/09. Despite the extensions, Plaintiff failed to respond to the motions. Nevertheless, the court may not grant Defendants' motions based on the Plaintiff's failure to respond. *See* Local Rule 7.2(C)(2) ("If a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."); *see also Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion...").

2

characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

"For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local

governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Specifically, the plaintiff must show the existence of a policy, practice or custom[6] "adopted or maintained with objective deliberate indifference to [his] constitutional rights," and he must show that such policy proximately caused the constitutional deprivation of which he complains. *See Grobowski v. Jackson County Pub. Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) (*per curiam*) (citations omitted). In order for a municipality to be liable for such a custom or practice, "[a]ctual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." *Mahoney v. City of Jackson*, 3:07cv173-DPJ-JCS, 2008 WL 2990906, at *2 (S.D. Miss. July 25, 2008) (quoting *Webster*, 735 F.2d at 841).

"Municipal liability cannot be predicated on a theory of *respondeat superior*. [Rather,] the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Mahoney*, 2008 WL 2990906, at *2 (quoting *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)). Moreover, in order to establish municipal liability, "Plaintiff must point to more than the actions of [the individual defendants], he must

---

[6]A plaintiff can establish a policy or custom through proof of "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Mahoney v. City of Jackson*, No. 3:07cv173-DPJ-JCS, 2008 WL 2990906, at *2 (S.D. Miss. July 25, 2008) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).

identify a policymaker with final policymaking authority...." *Id.* (quoting *Rivera*, 349 F.3d at 247; *Bowles v. Cheek*, 44 Fed. Appx. 651, at *1 (5th Cir. June 5, 2002) (*per curiam*) (affirming summary judgment where plaintiff failed to establish existence of policymaker whose official policy was moving force behind alleged violation).

Thus, in order to establish municipal liability, Plaintiff must prove the following three elements: 1) a policymaker; 2) an official policy; and 3) a violation of constitutional rights whose moving force is the policy or custom. *Mahoney*, 2008 WL 2990906, at * 2 (citing *Pietrowski*, 237 F.3d at 578).

**Christian Davis**

Plaintiff alleges a claim against Defendant Christian Davis, a Lawrence County Deputy Sheriff, for excessive force in violation of the Fourth Amendment.[7] Specifically, Plaintiff alleges that on or about December 23, 2004, he was "on the run" because there was a warrant out for his arrest. He claims he got into a high-speed chase with the Monticello Police Department. After approximately fifteen minutes, he slammed on the breaks, jumped out of the car, and ran and hid in the woods. Subsequently, Monticello police officers and Lawrence County Sheriff's deputies came into the woods looking for him. Plaintiff claims that after he was restrained and lying on the ground, Deputy Davis jumped on him, kneed him, and hit him in the head several times with a flashlight. As a result, Plaintiff suffered injuries. *See Spears* Transcript [63] at 10-16.

The Supreme Court has held that where an "excessive force claim arises in the context of

---

[7]Because Plaintiff was an arrestee during the time of the alleged use of excessive force, his claims are analyzed under the Fourth Amendment rather than the Eighth Amendment, as discussed below. *See Rodriguez v. Zepeda,* 176 Fed. Appx. 631, 632 (5th Cir. 2006); *Brassell v. Turner*, 468 F. Supp. 2d 854, 861-62 (S.D. Miss. 2006).

an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also Collier v. Montgomery*, --- F.3d ----, 2009 WL 1393748 (5th Cir. 2009). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotations and citations omitted). The "reasonableness" test under the Fourth Amendment does not employ a "mechanical application[;]" rather, "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal quotations and citations omitted).

Based on Plaintiff's pleadings and his *Spears* testimony, the court construes Plaintiff's excessive force claim against Deputy Davis as an *individual* capacity claim, and Defendants have not moved for judgment on that claim. However, to the extent Plaintiff alleges a claim against Deputy Davis in his official capacity, Defendants argue, and the court agrees that Plaintiff has failed to allege, much less prove that a policy, custom or practice of the Lawrence County Sheriff's Department was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 694.

Accordingly, Defendants have established that there are no genuine issues of material

7

fact and that Deputy Davis is entitled to judgment as a matter of law on Plaintiff's excessive force claim against him in his *official* capacity, if any.[8]

**Sheriff Joel Thames**

Liberally construing Plaintiff's allegations, he asserts claims against Defendant Joel Thames, Sheriff of Lawrence County, for failure to protect and for inadequate training, supervision, and hiring in violation of the Fourteenth Amendment. Plaintiff does not allege that Sheriff Thames was present for or involved in the alleged excessive force incident described above. Rather, Plaintiff seeks to hold Sheriff Thames liable for failing to prevent the alleged assault by Deputy Davis, claiming there were prior "incidents" involving Deputy Davis. Likewise, it appears that Plaintiff seeks to hold Sheriff Thames liable for hiring Deputy Davis and for failing to properly train and supervise him.

*Official Capacity Claims*

An allegation of inadequate training may result in municipal liability when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). However, an allegation that "a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city." *Harris*, 489 U.S. at 390. Likewise, an allegation of improper hiring may constitute deliberate indifference resulting in municipal liability "where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude

---

[8] Plaintiff's excessive force claim against Deputy Davis in his individual capacity will proceed to trial.

that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right . . . ." *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 411 (1997).[9]

As previously stated, "[m]unicipal liability cannot be predicated on a theory of *respondeat superior*. [Rather,] the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur . . . ." *Mahoney*, 2008 WL 2990906, at *2 (quoting *Rivera*, 349 F.3d at 247). Plaintiff has failed to show the existence of an official policy, practice or custom of Lawrence County that proximately caused the alleged constitutional deprivation (excessive force). *See Grobowski*, 79 F.3d at 479. In order to establish that an official policy is the "moving force" behind the alleged constitutional violation, Plaintiff must establish "a direct causal connection...between the policy and the alleged constitutional deprivation. This connection must be more than a mere 'but for' coupling between cause and effect." *Mahoney*, 2008 WL 2990906, at *5 (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004)). Indeed, "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.* (quoting *Brown*, 520 U.S. at 405). Plaintiff has not made this showing.

Even assuming that Plaintiff has established the existence of a policy, custom or practice, he has not shown that Sheriff Thames had actual or constructive knowledge of the policy,

---

[9] In *Brown*, the Supreme Court held that the county was "not liable for [the sheriff's] isolated decision to hire [the deputy] without adequate screening, because [the deputy] has not demonstrated that his decision reflected a conscious disregard for a high risk that [the deputy] would use excessive force in violation of respondent's federally protected right." *Brown*, 520 U.S. at 415–16.

9

custom, or practice. *See Mahoney*, 2008 WL 2990906, at *2 (quoting *Webster*, 735 F.2d at 841).

In support of his motion for summary judgment, Sheriff Thames submitted the Lawrence County Sheriff Department's policies on the use of force and the use of special weapons. *See* Exs. E and F to Motion [67-6] [67-7]. A review of these policies does not reveal any apparent constitutional inadequacies. Moreover, Plaintiff fails to identify any evidence that these policies are inadequate, and has failed to show any persistent or widespread practice by Sheriff Thames or Lawrence County of inadequate training, supervision, or hiring.

Sheriff Thames also submitted his affidavit in support of his motion for summary judgment. Sheriff Thames's sworn testimony reflects that prior to Deputy Davis's hiring, he graduated from the Jackson Police Department Academy, where he received fourteen weeks of training. *See* Ex. G Motion [67-8]. In addition, the Lawrence County Sheriff's Department ran a criminal background check on Deputy Davis and concluded that he had no prior misdemeanors or felonies. *Id.* Finally, Sheriff Thames personally called the Brookhaven Police Department, Davis's prior employer, and discovered he had no reported violations while employed there. *Id.*

Sheriff's Thames's affidavit also indicates that he, along with the Chief Deputy, monitor the activities of all deputies to ensure compliance with the policies and procedures of the Department. Sheriff's Thames's sworn testimony reflects that "[d]uring the entirety of Deputy Davis' employment with the Lawrence County Sheriff's Department, [he] was never made aware of, and personally believe[s] there were no ongoing complaints and/or allegations of violations of the Sheriff's Department's policies and procedures against Christian Davis." *Id.* This competent summary judgment evidence is uncontradicted.

It is clear that Plaintiff has failed to establish the existence of an official policy, custom or practice of Sheriff Thames or Lawrence County that was the moving force behind the alleged constitutional violations. Moreover, Plaintiff has fallen woefully short of establishing that Sheriff Thames's alleged inadequate hiring and/or training would lead to the plainly obvious consequence of the alleged constitutional violation. *See Harris*, 489 U.S. at 390; *Brown*, 520 U.S. at 411. Accordingly, Sheriff Thames is entitled to judgment as a matter of law on Plaintiff's claims against him in his official capacity.

### *Individual Capacity Claims*

Based on the pleadings and the Plaintiff's *Spears* testimony, Plaintiff alleged a claim against Sheriff Thames in his *official* capacity. *See* Scheduling and Case Management Order [54]. However, to the extent Plaintiff has alleged any claims against Sheriff Thames in his *individual* capacity, the court will address the claims, as the Defendants briefly address these claims in their motions. *See* Motions [67] [71], n.1.

"[S]upervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability." *Thompkins*, 828 F.2d at 304 (citations omitted). Rather, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

As set forth above, Plaintiff does not allege that Sheriff Thames was present for or personally involved in the alleged excessive force incident described above. Rather, it appears that Plaintiff is seeking to hold Sheriff Thames liable for the alleged excessive force as a result

11

of inadequate hiring, training, and/or supervision.

The Fifth Circuit has held that "[a] sheriff not personally involved in the acts that deprived the plaintiff of his constitutional rights is liable under section 1983 if: 1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001). Moreover, a single instance of the lack of training or supervision is usually insufficient to establish deliberate indifference. *Thompson*, 245 F.3d at 459. "Furthermore, the inadequacy of training must be obvious and obviously likely to result in a constitutional violation." *Id.*

Plaintiff has failed to meet any of the elements stated above. There is no evidence that Sheriff Thames failed to adequately train or supervise Deputy Davis. In fact, the uncontradicted evidence submitted by Defendants shows just the contrary. Even assuming Sheriff Thames did fail to adequately train or supervise Deputy Davis, Plaintiff has failed to show a causal connection between the alleged failure and the alleged constitutional violation, and has failed to show that Sheriff Thames acted with deliberate indifference in such failure. Plaintiff has also failed to show a pattern of similar violations. *Thompson*, 245 F.3d at 459. During his *Spears* hearing, Plaintiff made the conclusory statement that there were other "incidents" involving Deputy Davis. However, in order to avoid summary judgment, "Plaintiff must show 'specific facts' showing a genuine factual issue for trial. Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argument' are not sufficient." *Mahoney*, 2008 WL 2990906, at *5 (citing *Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th

Cir. 2002)).

Sheriff Thames's sworn testimony reflects that he and his Chief Deputy monitor the activities of all deputies to ensure compliance with the policies and procedures of the Department, and that he has no personal knowledge of any violations of the Sheriff Department's polices or procedures by Deputy Davis. *See* Ex. G to Motion [67-8]. Moreover, the uncontradicted evidence reflects that Sheriff Thames performed an adequate background check on Deputy Davis prior to hiring him and that Deputy Davis received adequate training. *Id.*

For the foregoing reasons, Sheriff Joel Thames is entitled to judgment as a matter of law on Plaintiff's claims against him in his individual capacity.

**State Law Claims**

Plaintiff's claims were clarified and amended by his sworn testimony during the *Spears* hearing.[10] After Plaintiff's *Spears* hearing, the court entered a Scheduling and Case Management Order [54] holding that only the following claims remain pending: 1) a claim against Deputy Davis for excessive force in violation of the Fourth Amendment; and 2) and a claim against Sheriff Thames for failure to protect and inadequate training, supervision, and hiring in violation of the Fourteenth Amendment.

Defendants have filed a Motion for Summary Judgment on All State Law Claims [69], to the extent there are any. Specifically, Defendants claim that Plaintiff's state law claims, if any, are subject to and barred by the one-year statute of limitations of the Mississippi Tort Claims Act

---

[10]*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

("MTCA").[11] *See* Miss. Code Ann. § 11-46-11(3) ("All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after . . . ."). Likewise, Defendants claim that to the extent Plaintiff's allegations against Deputy Davis fall outside the MTCA,[12] his claims for assault and/or battery would likewise be barred by the one-year statute of limitations. *See* Miss. Code Ann. § 15-1-35.

The date of the alleged actionable conduct occurred on December 23, 2004, and Plaintiff did not file suit until October 16, 2006. Based on the record, the court agrees that any state law claims would be barred by the applicable statutes of limitation set forth above. Accordingly, Defendants' unopposed Motion for Summary Judgment on All State Law Claims [69] should be granted.

CONCLUSION

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendants' Motions to Dismiss, or in the Alternative, for Summary Judgment [67] [71] and Motion for Summary

---

[11]The MTCA provides:

> The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

Miss. Code Ann. § 11-46-7(1).

[12]*See* Miss. Code Ann. § 11-46-5.

14

Judgment on All State Law Claims [69] are GRANTED.  Plaintiff's claims against Defendant Christian Davis in his official capacity, to the extent there are any, are dismissed with prejudice.  Further, Plaintiff's claims against Defendant Joel Thames in his individual and official capacities are dismissed with prejudice.  Plaintiff's excessive force claim against Defendant Christian Davis in his individual capacity will be set for trial via separate order.

SO ORDERED this the 3rd day of June, 2009.

s/ Michael T. Parker
United States Magistrate Judge